STATE OF MAINE
ANDROSCOGGIN,ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-21-7

PAULA WHITE )
)
)
)
vs. )
)
)
)
)
)
)
)
SECRETARY OF STATE )
)

AUG 19 '21 PM3:09
ANDRO SUPERIOR COURT

DECISION AND ORDER

RULE 80C APPEAL

Paula White, Petitioner, has filed a Petition for Review pursuant to M.R. Civ. P. 80C and

5 MRSA Section 11001 seeking to overturn the suspension of her driver's license by the

Secretary of State.

Facts.

On January 16, 2021 Officer David Allen of Lewiston Police Department was dispatched

to a motor vehicle accident on Webster Street. (Record, Tab 5, p. 8). Upon arrival the officer

found a vehicle of the road which had hit a tree. (Record, Tab 5, p. 9). The vehicle was owned by

the Petitioner, and Petitioner, who was by the vehicle, told the officer she had been driving. (Id.).

Upon encountering the Petitioner, the officer detected an odor of intoxicants, and

observed glossy eyes and slurred speech. (Id.). Based on those observations, Officer Allen

attempted to have the Petitioner perform three field sobriety tests- horizontal gaze nystagmus

(HGN), walk-and-turn test, and one-leg stand test. On the HGN test, 6 of 6 clues of impairment

were detected by Officer Allen, and on the walk-and-turn test, 5 of 6 clues of impairment were

detected. (Id.). Officer Allen did not require the Petitioner to complete the one-leg stand test because she almost fell down when attempting to complete it. (Record, Tab 5, p. 10). Based upon the results from the field sobriety tests, Officer Allen took the Petitioner to the police station where he administered an intoxilyzer test. (Id.). Petitioner's blood alcohol level per the intoxilyzer test was 0.13 grams of alcohol per 210 L of breath. (Record, Tab 7).

The Petitioner testified at the hearing and stated she had been at a bar playing pool with a friend, and had two drinks. (Record, Tab 5, pp.15-17). For reasons she does not understand she became angry with her friend and left the bar. (Record, Tab 5, p. 17). She believes she may have been drugged. (Record, Tab 5, pp. 20-21). She ended up in her vehicle, and when an unidentified person whacked on her window, she became frightened and "..hit the throttle..", resulting in her vehicle going off the road and hitting a tree. (Record, Tab 5, p. 15, Tab 6).

Standard of Review.

In its appellate capacity, the court reviews the decision of the hearing officer for errors of law, abuse of discretion, or findings not supported by substantial evidence on the record. *Melanson v. Sec'y of State,* 2004 ME 127,¶7. That review is limited to whether the hearing officer's factual findings are supported by any competent evidence and whether he correctly applied the law to the facts of the case. *Vector Mktg. Corp. v. Me. Unemployment Ins. Comm'n,* 610 A.2d 272, 274 (Me. 1992). Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support the resultant conclusion. *Crocker v. Maine Unemployment Security Comm'n,* 450 A.2d 469, 471 (Me. 1982).To overturn the decision, the burden of proof is with the Petitioner. *Zegel v. Bd. Of Soc. Worker Licensure,* 2004 ME 31, ¶ 14, 843 A.2d 18, 22.

At the administrative hearing, the scope is whether:

A. The person operated a motor vehicle with an excessive alcohol level; and

B. there was probable cause to believe that the person was operating a motor vehicle with an excessive alcohol level.

29-A M.R.S.A. § 2453(8).

The purpose of administrative hearings is to provide maximum safety for all persons who travel on or otherwise use the public ways and to remove quickly from public ways those persons who have shown themselves to be a safety hazard by operating a motor vehicle with an excessive alcohol level. 29-A M.R.S.A. §2453-A(1)(A)(B).

Discussion.

In this case there is clearly substantial evidence to support the Hearing Examiner's findings that there was probable cause to believe, and that the Petitioner had in fact, operated a motor vehicle with an excessive alcohol level. The officer's testimony that he detected an odor of intoxicants, and observed glossy eyes and slurred speech supports the Hearing Examiner's findings. The Petitioner admitted consuming alcohol and driving. And, the Petitioner showed several signs of impairment when performing the field sobriety tests. Finally, a valid test result indicated 0.13 grams of alcohol per 210 L of breath. The Petitioner admitted to having two drinks, and crashing her vehicle after becoming frightened when someone hit her window. She also testified she believes she was drugged when at the bar. But the substantial evidence on the record supports the Hearing Examiner's finding that the officer was more credible.

The Hearing Examiner's findings are supported by substantial evidence on the record. Petitioner's appeal of the Secretary of State's administrative suspension is denied.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Dated: August 17, 2021

Justice, Superior Court